UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HABIB MIAH,<br><br>                              Plaintiff,<br><br>-against-<br><br>MORGAN STANLEY & CO. INTERNATIONAL PLC; EATON VANCE MANAGEMENT INTERNATIONAL LTD.,<br><br>                              Defendants. | 25-CV-1208  (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, submitted his complaint to the court by email but did not submit an application to proceed *in forma pauperis* ("IFP"), or indicate whether he intended to pay the $405.00 in fees. He also did not sign the complaint. Accordingly, as set forth in this order, the Court directs Plaintiff to submit an IFP application or pay the fees, and to complete and sign the attached signature page.

## DISCUSSION

**A.     Filing Fees**

To proceed with a civil action, a plaintiff must either pay the $405.00 in fees or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.[1] Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or, if Plaintiff is unable to pay such fees, Plaintiff should complete, sign, and submit the attached IFP application. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260,

---

[1] The $405.00 in fees includes a $350.00 filing fee plus a $55.00 administrative fee. (Please check the fee schedule on the website for any updates.) A defendant removing an action from state to federal court is responsible for the filing fees.)

500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

**B.     Signature**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)"). Plaintiff is directed to sign and submit the attached "Plaintiff's Certification and Warnings" within 30 days of the date of this order.

## CONCLUSION

No further action will be taken in this case, and no summons shall issue or answer be required, until Plaintiff pays the fees or submits an IFP application, and submits a signature page. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff submitted proper payment for this action before receiving this order, the case will proceed once that payment is processed.

If Plaintiff fails to comply with this order within the time allowed, or fails to seek an extension of time to comply, the action will be dismissed without prejudice to refiling.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 13, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                    Chief United States District Judge