USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/24/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HABIB MIAH,

                    Plaintiff,

    -v-

MORGAN STANLEY & CO. INTERNATIONAL PLC, ET AL.,

                    Defendants.

**ORDER**

25-CV-1208 (PAE) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On April 23, 2025, Plaintiff filed a motion for reconsideration of the Court's April 23, 2025 Order, ECF No. 13, denying Plaintiff's blanket request for remote appearances at all proceedings that may be scheduled in this case. ECF No. 14. Also on April 23, 2025, Plaintiff filed a motion asking the Court to schedule a case management conference, permit Plaintiff to serve subpoenas, and stay decision on any dispositive motion in this case. ECF No. 15. For the reasons discussed below, each of Plaintiff's motions is DENIED.

### DISCUSSION

    **A.**    **Motion for Reconsideration**

By Order dated April 23, 2025, the Court denied without prejudice Plaintiff's request to appear remotely for all hearings, conferences, and other court proceedings in this matter. ECF No. 13. Plaintiff now seeks reconsideration of this order by arguing that in-person proceedings may be scheduled in this case in the future. ECF No. 14.

"Reconsideration of a previous order by the court is an extreme remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (cleaned up). "A motion for reconsideration should be granted only when the defendant identified an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up). Federal Rule of Civil Procedure 60(a) also provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a).

Plaintiff identifies no intervening change of controlling law, new evidence, or any error or manifest injustice due to the Court's Order. As the Court stated, no in-court proceeding or trial is currently scheduled in this action. Should an in-person conference be scheduled in the future, Plaintiff may request leave to appear remotely for that conference. Thus, there is no injustice here as Plaintiff has not been denied the ability to request remote appearance at particular proceedings should the need arise.

The undersigned notes that he holds the majority of pretrial conferences before him by telephone, such that this request is moot as to any conference that would already be scheduled by remote means. Plaintiff should be on notice,

however, that any litigant who brings an action in this district may be required to appear in person.

### B. Motion for Case Management Conference and Notice of Intent to Issue Subpoenas

Plaintiff requests that the Court (1) schedule a case management conference; (2) permit Plaintiff to file subpoenas; and (3) withhold ruling on any dispositive motions. ECF No. 15. This motion is premature.

On February 10, 2025, Plaintiff filed an unsigned complaint. ECF No. 1. On February 14, 2025, Plaintiff re-filed a signed version of the complaint. ECF No. 7. On April 17, 2025, the Court processed Plaintiff's filing fee.

On April 7, 2025, Defendants Eaton Vance Management International LTD and Morgan Stanley & Co. Internation PLC filed their waiver of service of summons. ECF No. 11. The waiver states that Defendants' time to answer or serve a Rule 12 motion runs for 60 days from March 3, 2025, *id.*, meaning any answer or Rule 12 motion is due by May 2, 2025. Defendants have not yet filed an appearance in this case.

Because Defendants' time to appear and respond to the complaint has not yet lapsed, the Court will not schedule a case management conference at this time. Once Defendants appear in this case, the Court will determine whether and when it is appropriate to schedule a case management conference. During a case management conference, the Court will set a schedule for discovery, including for the issuance of any third-party subpoenas. Further, no dispositive motions are

currently pending in this case and, as such, Plaintiff's request to withhold decision on dispositive motions is moot.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is denied without prejudice to renewal upon the Court's scheduling of an in-person conference. Plaintiff's motion for a case management conference, leave to serve subpoenas, and to stay decision on dispositive motions is denied as premature.

The Clerk of Court is respectfully directed to terminate each of the motions at ECF Nos. 14 and 15 as DENIED, and to mail a copy of this order to the pro se Plaintiff.

**SO ORDERED.**

Dated: April 24, 2025
       New York, New York

Henry J. Ricardo
United States Magistrate Judge