```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/6/2025_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HABIB MIAH,

                Plaintiff,

        -v-

MORGAN STANLEY & CO. INTERNATIONAL
PLC, ET AL.,

                Defendants.

**ORDER**

25-CV-1208 (PAE) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On April 24, 2025, Plaintiff filed five motions: (1) "Omnibus Motions for Reconsideration, Remote Access, Subpoena Authority, and Recusal," ECF No. 17; (2) "Motion to Compel Preliminary or Case Management Conference Under Rules 16 and 26 of the Federal Rules of Civil Procedure," ECF No. 18; (3) "Plaintiff's Motion to Refer Case to Court Sponsored Early Mediation Pursuant to Local Civil Rule 83.9," ECF No. 19; (4) "Plaintiff's Motion to Invite Intervention or Amicus Curiae Participation by U.S. Attorney General or State Attorney General," ECF No. 21; and (5) "Plaintiff's Motion to Direct Defendants to File Notice of Appearance and Clarify Representation Status," ECF No. 22.

On April 25, 2025, Plaintiff filed three motions: (1) "Motion to Initiate Multidistrict Coordination, Preserve Massachusetts Court Involvement, and Order Summons to Complete Service," ECF No. 20; (2) "Joint Motion for Inter-District Coordination," ECF No. 24; and (3) "Joint Motion Opposing Defendants' Dilatory Litigation Tactics and for Coordinated Case Management and Relief," ECF No. 25.

1

On April 26, 2025, Plaintiff filed an additional motion, "Plaintiff's Motion to Identify Critical Witnesses and Preserve Testimony." ECF No. 23.

On May 2, 2025, Defendants Eaton Vance Management International LTD and Morgan Stanley & Co. International PLC (together, "Defendants") appeared in this action. ECF No. 28. Defendants filed a Letter Motion requesting an extension of time to respond to Plaintiff's pre-answer motions described above, or in the alternative, for Plaintiff's pre-answer motions to be denied without need for Defendants' responses. ECF No. 29.

For the reasons discussed below, each of Plaintiff's motions is DENIED. Accordingly, Defendants' Letter Motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### A.    Reconsideration of the Court's Prior Orders

By Order dated April 23, 2025, the Court denied without prejudice Plaintiff's request to appear remotely for all hearings, conferences, and other court proceedings that may be scheduled in this matter. ECF No. 13. Plaintiff sought reconsideration of the April 23 Order, ECF No. 14, which the Court denied. ECF No. 16. On April 24, 2025, Plaintiff moved for reconsideration of the Court's April 24 Order and moved for the undersigned's recusal from this case. ECF No. 17.

Reconsideration of the Court's April 24 Order is not required here, as Plaintiff has not identified an intervening change of controlling law, new evidence, error, or manifest injustice. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up).

Plaintiff again requests leave to appear remotely at all proceedings in this action. As the Court has now stated multiple times, Plaintiff may request leave to appear remotely upon the scheduling of an in-person conference, at which point the request will be considered in light of the particular circumstances of that conference. Any further requests to appear remotely when there is no in-person conference then-scheduled will be denied pursuant to the Court's April 23 Order, April 24 Order, and this Order.

Plaintiff also moves for recusal of the undersigned or, in the alternative, for reassignment to another magistrate judge. Plaintiff's argument in support of this motion is nothing more than disagreement with and criticism of the Court's rulings in this case. Thus, the undersigned does not find good cause for recusal and Plaintiff's request is DENIED.

### B.    Appearance by Defendants

On April 24, 2025, Plaintiff filed a motion requesting the Court to compel Defendants to file a notice of appearance through counsel. ECF No. 22. As described more fully in the Court's April 24 Order, ECF No. 16, Defendants' deadline to appear in this action was May 2, 2025. *See* ECF No. 11. On their deadline, May 2, 2025, Defendants filed their notice of appearance. ECF No. 28. As Defendants have now appeared in this action, Plaintiff's motion is DENIED as moot.

### C.    Early Discovery

On April 23, 2025, Plaintiff requested that the Court schedule a case management conference. ECF No. 15. The Court denied the motion as premature

because Defendants had not yet appeared in this action.  ECF No. 16.  On April 24, 2025, Plaintiff moved for authorization to serve subpoenas, ECF No. 17, and for a case management conference, ECF No. 18.  On April 26, 2025, Plaintiff filed a motion in which he again requested authorization to serve subpoenas on certain identified individuals.  ECF No. 23.  On May 2, 2025, Defendants appeared and filed a motion to dismiss the Complaint.  ECF Nos. 30–31.

The decision to grant or deny expedited discovery, like other aspects of discovery management, is committed to the court's discretion.  *See, e.g., Ceglia v. Zuckerberg*, 600 F. App'x 34, 37 n.4 (2d Cir. 2015) (citing *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994)).  Plaintiff states that he needs early discovery "to preserve third-party evidence[.]"  ECF No. 17 at 2.  However, Plaintiff can address this concern by sending document preservation notices to defendants and third-party witnesses likely to be in possession or relevant documents, advising them of this pending litigation and the obligation to preserve potentially relevant evidence.

Therefore, Plaintiff's request for early discovery is DENIED.  The Court will determine when it makes sense to hold a case management conference.

### D.    Multidistrict Coordination

On April 25, 2025, Plaintiff filed three motions requesting that the Court initiate multidistrict coordination to retain the involvement of the U.S. District Court for the District of Massachusetts.  ECF Nos. 20, 24, 25.

On April 30, 2025, the case Plaintiff originally filed in the District of Massachusetts was transferred into this District.  *See Miah v. Morgan Stanley & Co. Int'l PLC*, Case No. 25-CV-3582 ("*Miah II*"), ECF No. 32.  As the District of

Massachusetts no longer has a role in the resolution of that case, Plaintiff's request for multidistrict coordination is DENIED as moot.

### E.    Intervention or Amicus Participation

On April 24, 2025, Plaintiff filed a motion requesting that the United States Attorney General or the New York State Attorney General be permitted to intervene, or in the alternative, to submit amicus curiae briefs in this case. ECF No. 21. Plaintiff provides no indication that any governmental offices actually wish to intervene or submit an amicus curiae brief in this action. Given that this action involves a dispute over employment in the United Kingdom, there is no reason to believe that federal or state regulators in the United States would accept an invitation to make submissions in this case. As such, Plaintiff's motion is DENIED.

### F.    Mediation

On April 24, 2025, Plaintiff filed a motion requesting a referral to the Court-annexed Mediation program. ECF No. 19. The parties should confer about whether mediation is appropriate and, if so, make a joint request for a referral to the Court-annexed Mediation program. As such, Plaintiff's motion is DENIED without prejudice to renewal should the parties agree that a referral to the Court-annexed Mediation program is appropriate.

### CONCLUSION

For the reasons stated above, Plaintiff's motions are denied. The Clerk of Court is respectfully directed to terminate each of the motions at ECF Nos. 17, 18, 19, 20, 21, 22, 23, 24, and 25 as DENIED. Additionally, as this Order resolves all of Plaintiff's pre-answer motions in this action, Defendants' Letter Motion at ECF No.

5

29 is GRANTED IN PART and DENIED IN PART, and the Clerk of Court is directed to terminate it as such.

The Clerk of Court is further directed to mail a copy of this order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: May 6, 2025
       New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

6