```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

HABIB MIAH,

                Plaintiff,

     -v-

MORGAN STANLEY & CO. INTERNATIONAL PLC, ET AL.,

                Defendants.

**ORDER**

25-CV-1208 (PAE) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On April 23, 2025, Plaintiff filed a Motion to Redact His Personal Address from Docket Entry No. 35. ECF No. 37. For the reasons discussed below, Plaintiff's motion is DENIED.

## DISCUSSION

Judicial documents are subject to a fundamental presumptive right of public access. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"); *see also Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (describing right of public access as "firmly rooted in our nation's history"). That right includes "a general right to inspect and copy" such judicial documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To determine whether the presumption attaches to a particular record, courts in this Circuit engage in a three-step inquiry. *See Lugosch*, 435 F.3d at 119–20.

First, the court determines whether the record at issue is a "judicial document"—a document to which the presumption of public access attaches. *Id.* at

1

119. Not all documents filed with the court are "judicial" documents. Rather, a judicial document is one that has been placed before the court by the parties and that is "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145.

Next, if the record is determined to be a judicial document, the court proceeds to "determine the weight of the presumption of access" to that document. *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014). The weight to be accorded is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). Some documents "directly affect an adjudication" and play a significant role in "determining litigants' substantive rights"; these are entitled to the strongest presumption of public access. *Id.*; *see Joy v.* North, 692 F.2d 880, 894 (2d Cir. 1982) (report submitted to court as principal basis for summary judgment motion entitled to strong presumption of access). Other documents "play only a negligible role in the performance of Article III duties," such as documents passed between parties in discovery, and thus are entitled to a "presumption [that] is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo II*, 71 F.3d at 1050.

Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access. *Id.* at 1050. Although the

public's right is strong, it is "not absolute." *Nixon*, 435 U.S. at 598. Countervailing considerations that courts may consider include "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Amodeo II*, 71 F.3d at 1050. If, at the end of this process, the balance of the factors tips against permitting public access, then the court may deny disclosure.

The document at issue in Plaintiff's motion to seal is Defendants' affirmation of service. ECF No. 35. Affirmations of service are filed with the court to demonstrate that a party has been properly notified of legal proceedings. Given their role in ensuring proper notice and due process, which is particularly important in *pro se* cases where the litigant has not consented to electronic service and must rely on regular mail delivery, affirmations of service are "relevant to the performance of the judicial function and useful in the judicial process," and are therefore subject to the presumption of public access. *Amodeo I*, 44 F.3d at 145.

As to the weight of the presumption of public access, an affirmation of service falls somewhere between those documents that directly affect an adjudication and are therefore entitled to the strongest presumption, and those documents that play only a negligible role and are therefore entitles to a low presumption of public access.

Plaintiff asserts that the inclusion of his home address on the affirmation of service "poses serious privacy and security concerns[.]" ECF No. 37 at 1. However, Plaintiff does not describe his privacy or security concerns such that the Court could

assess and balance this interest against the presumption of public access. It is possible that Plaintiff could do so in a renewed motion that addresses the points made in this Order.

Further, contrary to Plaintiff's assertion, a party's address is not one of the specified categories of personal information for which there is a presumption of redaction. Fed. R. Civ. P. 5.2(a) (listing "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number"). Additionally, this District's Electronic Case Filing Rules and Instructions require redaction of a home address *in criminal cases*, but not in civil cases. SDNY Electronic Case Filing Rules & Instructions, Rule 21.3, available at https://nysd.uscourts.gov/rules/ecf-related-instructions (last visited May 9, 2025).

Even if, on balance, Plaintiff's privacy interest outweighed the presumption of public access, granting Plaintiff's motion to redact his address from the affirmation of service would be ineffective to address this concern. Plaintiff himself has filed his home address on the public docket at least twelve times. *See* ECF No. 1 at 25, 128; ECF No. 2; ECF No. 3 at 2; ECF No. 3-1 at 1; ECF No. 4 at 3; ECF No. 5 at 25, 128; ECF No. 8 at 2; ECF No. 8-1 at 1, 2, 3.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion at ECF No. 37 is DENIED without prejudice to a renewed motion that addresses the points made in this Order.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 37 as DENIED, and to mail a copy of this order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: May 9, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge