UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/20/2025
```

HABIB MIAH,

                    Plaintiff,

          -v-

MORGAN STANLEY & CO. INTERNATIONAL
PLC, ET AL.,

                    Defendants.

**ORDER**

25-CV-1208 (PAE) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On May 2, 2025, Defendants moved to dismiss the complaint for various reasons, including lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF Nos. 30–31. Also on May 2, 2025, Plaintiff filed his opposition to the motion to dismiss. ECF No. 33. On May 9, 2025, Defendants filed their reply. ECF No. 42. Later on May 9, 2025, Plaintiff made two additional filings in opposition to the motion to dismiss, ECF Nos. 43–44, which Defendants then moved to strike, ECF No. 52.

These multiple filings devote scant attention to whether there is subject matter jurisdiction to hear this case, which is a prerequisite to this Court taking any action whatsoever. "Determining the existence of subject matter jurisdiction is a threshold inquiry." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd,* 561 U.S. 247 (2010) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)) (cleaned up). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing

1

*Makrova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings."  *Id.* (citing *Makrova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The parties are directed to submit supplemental letter briefs, not to exceed five single-spaced pages, addressing whether this Court has subject matter jurisdiction.  This will require an analysis of the citizenship of each party and whether there is complete diversity of citizenship under governing precedent. Because a district court can consider evidence outside the pleadings to decide whether there is subject matter jurisdiction, the parties are also directed to make evidentiary submissions regarding the citizenship of each party, by sworn declaration or otherwise.  Plaintiff is reminded that he bears the burden of demonstrating the existence of subject matter jurisdiction, and the complaint can be dismissed if he fails to meet this burden.  Both parties' supplemental letter briefs and evidentiary submissions must be filed by **May 30, 2025**.

Because subject matter jurisdiction is a threshold issue, the Court intends to resolve it before acting on any other motions and requests.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

**SO ORDERED.**

Dated: May 20, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge