UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HABIB MIAH,

                                  Plaintiff,

-v-

MORGAN STANLEY & CO.
INTERNATIONAL PLC, *et al.*,

                                  Defendants.

25 Civ. 1208 (PAE) (HJR)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Habib Miah, proceeding *pro se*, brings this action against defendants Morgan Stanley & Co. International PLC ("Morgan Stanley") and Eaton Vance Management International Ltd (collectively, "defendants"), alleging that the defendants improperly withdrew his offer of employment. Dkt. 1 ("Complaint"). Miah's claims include breach of contract, corporate negligence, and reputational harm. *Id.*

       Currently pending are defendants' motion to dismiss the Complaint, Dkt. 30, and Miah's motion for leave to amend the Complaint, Dkt. 74. Before the Court is the September 30, 2025 Report and Recommendation of United States Magistrate Judge Henry J. Ricardo. Dkt. 90 (the "Report"). The Report recommends that the Court grant defendants' motion to dismiss for lack of subject matter jurisdiction, on the ground that both Miah and Morgan Stanley are aliens for purposes of diversity jurisdiction, thereby defeating such jurisdiction. It further recommends that the Court deny Miah leave to amend. *Id.* On October 11, 2025, Miah filed objections to the Report under Federal Rule of Civil Procedure 72(b), a motion to shift the evidentiary burden and conduct jurisdictional discovery, and a motion to apply unconsidered legal tests. Dkts. 91–92.

On October 30, 2025, defendants filed their response to these objections. Dkt. 93. On November 5, 2025, without leave of the Court, Miah filed further objections. Dkt. 95.

The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the recommendation of the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party may serve and file written objections to a magistrate judge's report within 14 days of being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days of being served with a copy. *Id.* There is no further right to reply, under the statute, following a party's response to another party's objections.

"To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). When an objection refers the Court to previously filed papers or arguments, however, it is deemed "devoid of any reference to specific findings" and

2

"unsupported by legal authority." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). Such statements do "not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)," and are reviewed for clear error. *Id.*

Miah's objection is subject to clear error review. The Second Circuit has held that such review is warranted where no "adequate objection" to the Report has been made. *Id.* Such is the case here.[1] In objecting to the Report, Miah primarily directs the Court to prior filings that he claims show his entitlement to jurisdictional discovery. Dkt. 92 at 2–3. But his objections do not refer to any specific finding or to supporting legal authority. *Id.* at 4 (citing Dkts. 38, 44, 46, 55, 64, 74–76). On the contrary, in his prior filings, and now in his objections, Miah has acknowledged the decisive legal proposition cited by the Report: that "aliens on both sides of the 'v.' destroy diversity." *Id.*; Dkt. 65 at 1–2 ("Only Morgan Stanley & Co. International PLC and Morgan Stanley UK Ltd share Plaintiff's foreign citizenship."). And Miah does not dispute the facts establishing the lack of jurisdiction: that, as the Report found, he is an alien and that the same is so for defendant Morgan Stanley. *See* Report at 7. Rather, Miah notes that at least one alien defendant might *also* possess non-alien citizenship—a fact which, he asserts, might have been revealed by jurisdictional discovery. Dkt. 92 at 10.

Careful review of Judge Ricardo's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. In reviewing the record,

---

[1] The Court observes that Miah's latest objection, Dkt. 95, was filed over a month after the Report and *after* defendants' reply and is, therefore, not properly before the Court under Rule 72(b). As to Miah's objection of October 11, 2025, defendants highlight Miah's troubling apparent use of artificial intelligence (AI) in this filing, including citations to cases that do not exist and quotations that do not appear in the authorities cited. *See, e.g.*, Dkt. 93 at 4 (identifying a citation to a decision from the Eastern District of New York that does not exist). Miah's use of AI appears to have begun as early as his first filing. The Complaint included apparent commentary from an AI platform in response to Miah's prompts. Complaint at 14 ("Let me know if you'd like me to *expand further* or *draft additional sections*!") (emphases added).

the Court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.,* 333 U.S. at 395. To the contrary, the Report expressly contemplated and rejected the arguments raised in Miah's objections. It observed "[t]here must be complete diversity of citizenship, which means that because Miah is an alien, the presence of any other alien as a defendant destroys diversity. Merely adding a non-alien defendant— assuming that EV International is not an alien—cannot create diversity jurisdiction." Report at 8.

Finally, the Court concludes that Miah has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Love v. McCray,* 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 445 (1962).

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss for lack of subject matter jurisdiction and denies plaintiff's motion for leave to amend the Complaint. The dismissal is without prejudice to Miah's right to pursue his claims in a court of competent jurisdiction. The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

Paul A. Engelmayer
_____
PAUL A. ENGELMAYER
United States District Judge

Date: November 6, 2025
      New York, New York